**TOWN OF EAST HAMPTON, Plaintiff,**

v.

**Robert COOPER, Defendant.**

**No. 94–CV–4165.**

United States District Court,
E.D. New York.

Jan. 17, 1995.

Vincent R. Fontana, Wilson, Elsner, Moskowitz, Edelman & Dicker, New York City, for plaintiff.

Patricia Weiss, Sag Harbor, NY, for defendant.

### MEMORANDUM AND ORDER

PLATT, Chief Judge.

Plaintiff has brought a Motion for Reconsideration and Reargument pursuant to Federal Rule of Civil Procedure 59(e) and Rule 3(j) of the Rules for the United States District Court for the Southern and Eastern Districts of New York. For the reasons stated herein, Plaintiff's Motion is hereby denied.

### BACKGROUND

The facts of this case are set forth in this Court's Memorandum and Order of January 17, 1995 in *Robert Cooper v. Town of East Hampton* (*"Cooper I"*), 888 F.Supp. 376 (E.D.N.Y.1995). In addition to the facts therein, the Court notes that it did not deny the Town Attorney, Vincent Fontana, an opportunity to present his oral arguments on October 28, 1994. Rather, the Court simply ruled from the Bench in Mr. Fontana's favor, prior to hearing his arguments. Thus, as Mr. Fontana himself declares at page two (2) of his December 6, 1994 Memorandum of Law In Support of Plaintiff's Motion for Reconsideration and Reargument, "[A]t the time it was not necessary to present oral argument based on the Court's decision."

### DISCUSSION

Despite the fact that this Court did not hear Mr. Fontana's oral argument, the Court will not rehear the Town's Motion to Remand *Cooper II* because no clear error of law or manifest injustice was made in the first instance. *See Brown v. City of Oneonta*, 858 F.Supp. 340, 342 (N.D.N.Y.1994); *cf. Motor Vehicle Mfrs. Assn. of the United States, Inc. v. New York State Department of Environmental Conservation*, 831 F.Supp. 57, 66 (N.D.N.Y.1993). This is due to the fact that the outcome of *Cooper I* will determine the outcome of *Cooper II* because the two cases address identical issues and arise out of the same transaction and occurrence. Thus, there is no need to hear or consider further arguments in *Cooper II*.

The Town Plaintiff in *Cooper II* seeks a declaration of whether the Town is obligated under § 20–6 of the East Hampton Town Code to defend and indemnify Defendant Cooper in the defamation lawsuit *Scott v. Cooper*. Specifically, the Town seeks a declaratory judgment as to the following:

(1) Whether Robert Cooper was acting within the scope of his employment as a Councilman when he made statements to the media regarding Thomas Scott, Town Supervisor Stanton "Tony" Bullock, and the East Hampton Police Department; and (2) if [Cooper] was acting within the scope of his employment, did he act recklessly and/or intentionally.

Plaintiff's Verified Complaint For Declaratory Judgment at 5–6; *see also* Plaintiff's Memorandum of Law in Support of its Motion for Reconsideration and Reargument at 4.

In this Court's Memorandum and Order of January 17, 1995 in *Cooper I*, the Court determined that it has jurisdiction over that case based upon the fact that Robert Cooper sufficiently pleaded a claim of retaliation in violation of the First Amendment against the East Hampton Town Board. In order for a trier of fact to determine if the Town Board did indeed violate Cooper's First Amendment rights, however, the jurors will have to decide whether Cooper acted within the scope of his public duties when he made the state-

ments at issue and, thus, whether the Town had a duty to pay Cooper's legal fees at all.

If a jury finds that Cooper was acting within the scope of his public employment, they will then have to decide whether the Defendants voted against the Resolution regarding Cooper's legal defense, or abstained therefrom, in retaliation for Cooper's press statements, (*See, e.g., Gagliardi v. Village of Pawling,* 18 F.3d 188, 194 (1994)), or because Cooper made these statements without sufficient evidence to support them. The latter determination will involve and, in fact, depend upon a determination of whether Cooper acted recklessly—*i.e.* without any evidence to support his claims—when he made the press statements at issue.

In sum then, regardless of the ultimate outcome of the *Cooper I* case, it will address and resolve in the process the two issues raised by *Cooper II.* For these reasons, Petitioner's Motion for Reargument or Reconsideration is hereby denied.

SO ORDERED.